IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| DAVID AUSTIN LINDSEY <br> 5618 Ravens Crest Drive <br> Plainsboro, New Jersey 08536 <br><br> Plaintiff, <br><br> v. <br><br> FEDERAL BUREAU OF INVESTIGATION <br> 935 Pennsylvania Avenue, NW <br> Washington, DC 20535 - 0001 <br><br> Defendant. | Case No: 16-cv-2032 |

**COMPLAINT**

**I. INTRODUCTION**

1. Plaintiff David Austin Lindsey ("Plaintiff") hereby brings this action seeking declaratory and injunctive relief to redress violations of the Freedom of Information Act ("FOIA"), U.S.C. § 552 et. seq., by Defendant Federal Bureau of Investigation ("FBI"). The FBI failed to provide Plaintiff with all non-exempt records responsive to his May 18, 2016 FOIA request, described herein, sent to the FBI, seeking agency records involving "all FBI records of contact between Imad Hage and US. government officials."

COMPLAINT

## II. JURISDICTION

2. This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) (FOIA citizen suit provision) and 28 U.S.C. § 1331 (federal question).

## III. VENUE

3. Venue in this Court is proper pursuant to 5 U.S.C. § 552(a)(4)(B).

## IV. PARTIES

4. Plaintiff David Austin Lindsey is an individual, academic and postdoctoral research associate at the Niehaus Center for Globalization and Governance, Woodrow Wilson School of Public and International Affairs at Princeton University. Plaintiff resides in Plainsboro Township, Middlesex County, New Jersey.

5. The Federal Bureau of Investigation is a federal agency of the United States, and as such, is subject to FOIA, pursuant to 5 U.S.C. § 552(f).

## V. LEGAL FRAMEWORK OF FOIA

6. FOIA requires, *inter alia*, that all federal agencies must promptly provide copies of all non-exempt agency records to those persons who make a request for records that reasonably describes the nature of the records sought, and which conform with agency regulations and procedures in requesting such records. 5 U.S.C. § 552(a)(3)(A)

7. FOIA requires federal agencies to make a final determination on all FOIA requests that it receives within twenty days (excepting Saturdays, Sundays, and legal public holidays) after the receipt of such request, unless the agency expressly provides notice to the requester of "unusual circumstances" meriting additional time for responding to a FOIA request. 5 U.S.C. § 552(a)(6)(A)(i).

COMPLAINT

8. FOIA also requires federal agencies to make a final determination on FOIA administrative appeals that it receives within twenty days (excepting Saturdays, Sundays, and legal public holidays) after the receipt of such appeal, unless the agency expressly provides notice to the requester of "unusual circumstances" meriting additional time for responding to a FOIA request. 5 U.S.C. § 552(a)(6)(A)(ii).

9. FOIA, 5 U.S.C. § 552(a)(4)(A)(viii), states "An agency shall not assess search fees (or in the case of a requester described under clause (ii)(II), duplication fees) under this subparagraph if the agency fails to comply with any time limit under paragraph (6), if no unusual or exceptional circumstances (as those terms are defined for purposes of paragraphs (6)(B) and (C), respectively) apply to the processing of the request.

10. FOIA expressly provides that a person shall be deemed to have constructively exhausted their administrative remedies if the agency fails to comply with the applicable time limitations provided by 5 U.S.C. § 552(a)(6)(A)(I) - (ii). See 5 U.S.C. § 552(a)(6)(C).

11. FOIA provides that any person who has not been provided the records requested pursuant to FOIA, after exhausting their administrative remedies, may seek legal redress from the Federal District Court to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant.

12. Under FOIA, the federal agency has the burden to sustain its actions. 5 U.S.C. § 552(a)(4)(B).

13. Pursuant to FOIA, this Court may assess attorney fees and litigation costs against the United States if the Plaintiff prevails in this action. 5 U.S.C. § 552(a)(4)(E).

COMPLAINT

## VI. FACTUAL ALLEGATIONS FOR PLAINTIFF'S 2014 FOIA REQUEST CLAIM

14. On or about May 18, 2016 Plaintiff sent a FOIA request to the FBI via email, seeking agency records including "all FBI records of contact between Imad Hage and U.S. government officials." In his request, Plaintiff provided references to the New York Times and Newsweek magazine, which included information that Mr. Hage was involved as an unofficial envoy of the Iraqi government during the period leading up to the U.S. military action in Iraq. Published reports also were referenced in Plaintiff's request that Mr. Hage was arrested in January 2003 at Dulles Airport and charged with a weapons crime in the United States District Court for the Eastern District of Virginia.

15. On or about May 18, 2016 the FBI sent plaintiff an email, stating the they received plaintiff's May 18, 2016 request on May 18, 2016.

16. On or about June 6, 2016 the FBI sent Plaintiff a letter, informing Plaintiff that the FBI had assigned FOIPA 1351152-000 to his request.

17. On or about June 23, 2016 the FBI sent Plaintiff a letter, informing Plaintiff that the FBI had determined that Plaintiff, in the view of the FBI, failed to "demonstrate sufficient public interest" to entitle Plaintiff to nonexempt responsive records. The FBI also made Plaintiff aware of his right to administratively appeal this decision.

18. On or about July 20, 2016 Plaintiff administratively appealed the June 23, 2016 FBI decision, to deny him records, to the United States Department of Justice Office of Information Policy.

COMPLAINT

19. On or about July 20, 2016 the United States Department of Justice Office of Information Policy wrote Plaintiff a letter, informing him that that office had received his administrative appeal.

20. On or about September 5, 2016 the United States Department of Justice Office of Information Policy affirmed the FBI's decision to deny Plaintiff records and informed Plaintiff of his right to seek review of these decisions in the United States District Court.

21. Defendant FBI has produced no nonexempt responsive records relating to the FOIA request made by Plaintiff David Austin Lindsey.

### VII. CLAIM FOR RELIEF

### Violation of FOIA

22. Plaintiff realleges, as if fully set forth herein, paragraphs 1 - 21 as previously set forth in this Complaint.

23. Defendant FBI has violated FOIA by failing to provide Plaintiff with all non- exempt responsive records for his FOIA request and by failing to failing to perform an adequate search for records responsive to his FOIA request in a manner reasonably calculated to locate all responsive records.

24. By failing to provide Plaintiff with all non-exempt responsive records to his FOIA requests described in paragraphs 1, 14, and 22 above, and failing to perform an adequate search for responsive records, Defendant FBI has denied Plaintiff's right to this information as provided by law.

25. Unless enjoined by this Court, Defendant FBI will continue to violate Plaintiff's legal right to be provided with copies of the records which he has requested in his FOIA requests described in paragraphs 1, 14 and 22 above.

26. Plaintiff is directly and adversely affected and aggrieved by Defendant's failure to provide all

responsive records to his FOIA request described above.

27. Plaintiff has been required to expend costs and to obtain the services of a law firm, consisting of attorneys, law clerks, and legal assistants, to prosecute this action.

28. Plaintiff is entitled to reasonable costs of litigation, including attorney fees pursuant to FOIA 5 U.S.C. § 552(a)(4)(E).

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter Judgment for Plaintiff providing the following relief:

1. Declare Defendant Federal Bureau of Investigation has violated FOIA by failing to provide Plaintiff with all non-exempt records responsive to his Request submitted on or about May 18, 2016 and by failing to perform adequate searches for responsive records to this FOIA request.

2. Direct by injunction that Defendant Federal Bureau of Investigation to provide Plaintiff with all non-exempt responsive records to Plaintiff's two FOIA requests.

3. Grant Plaintiff's costs of litigation, including reasonable attorney fees, as provided by FOIA, 5 U.S.C. § 552(a)(4)(E); and,

4. Provide such other relief as the Court deems just and proper.

Dated this 12th day of October, 2016.

Respectfully submitted,

Daniel J. Stotter, # WI0015
Stotter & Associates LLC
408SW Monroe Ste. M210E
Corvallis, OR 97333
(541) 738-2601
dstotter@qwestoffice.net
Attorney for Plaintiff

/s/ C. Peter Sorenson
C. Peter Sorenson (D.C. Bar Number 438089)
Sorenson Law Office
PO Box 10836
Eugene, Oregon 97440
petesorenson@gmail.com
541-606-9173
Lead Attorney for Plaintiff