UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| DAVID AUSTIN LINDSEY | ) | |
| Plaintiff | ) ) ) | |
| v. | ) ) | Civil Action No. 16-2032 (CKK) (ECF) |
| FEDERAL BUREAU OF INVESTIGATION, | ) ) ) ) | |
| Defendant. | ) ) | |

### DEFENDANT'S MOTION FOR A STATUS CONFERENCE CALL

The Federal Bureau of Investigation ("Defendant"), by and through undersigned counsel, respectfully submits Motion for Status Conference Call. Defendant is available for a Conference Call at the Court's convenience. In support hereof, Defendant states the following:

1. In April of this year, after this case had been fully briefed by the undersigned's predecessor, this case was reassigned to him. Shortly after the Court granted Defendant's dispositive motion, *see* ECF No. 20, and denied the dispositive motion filed by David Austin Lindsey ("Plaintiff"), *see* ECF No. 20, Plaintiff's counsel reached out to the undersigned for consent to more time to resolve the issue of fees.

2. Plaintiff's counsel stated that the "process will facilitate our mutual interests in avoiding preparing unnecessary fee motion filings, and encouraging a non-adversarial resolution as to the remaining issue of fees and costs in this FOIA action."[1] Defendant could not agree

---

[1] All quotes are accurate and from relevant portions of the parties' email correspondence, but the undersigned does not see the need to burden the Court by attaching them as exhibits unless the Court requests them.

1

more that a mutually beneficial and cost effective resolution that is less burdensome for the Court would be the right resolution of the fees issue and consented.

3. The parties engaged in a lot of back-and-forth regarding a settlement amount that is not relevant for purposes of this motion.  Suffice it to say that on December 4, 2020, Defendant made an offer for settlement for a sum certain $1,500 less than Plaintiff's ask.  On December 7, 2020, Plaintiff's counsel responded as follows:

> Although Defendant's revised settlement offer of [December 4, 2020] is considerably below Plaintiff's reduced fee settlement offers, Plaintiff would be willing to conditionally accept that offer, if the settlement expressly includes language providing for that discounted payment within 30 days of this date (per the examplars [sic] attached), and with language providing for payment of [redacted] if payment is not received by the specified payment date.  I've attached two samples of that type of settlement language approved by your office.  It's been my experience that all federal agencies have always met the specified payment dates in these settlements to save payment of the additional fees required for late payment.  Please feel free to call if you wish to discuss this matter.

4. Both exemplars contained language that payment would be made "within [30 or 60] days *from dismissal* of the above-captioned litigation, those agencies shall receive a discount of $500 each in satisfaction of all fees and costs. If any Defendant agency fails to meet the thirty (30) day deadline, the payment shall be the [agreed] lump sum described in Paragraph No. 2 above."  Neither exemplar had any language, as Plaintiff's counsel proposed here, for a ballooned payment if not made within thirty (30) days.  Rather they appeared to have language reflecting that the agencies would receive a discount if they paid within thirty (30) days.

2

5. Later that same day, December 7, 2020, the undersigned responded that "I have to check with FBI first, but I believe they can do thirty (30) days from whatever date we file a stipulation regarding fees. i.e., the date of the actual agreement.  The clock cannot start ticking from now.  It starts once we've put something on the docket."  Given that processing of any payment would fall directly during this holiday period and given the possibility of reduced processing speeds due to COVID, it was prudent for the undersigned to make this inquiry first.

6. On Friday December 11, 2020, Plaintiff's Counsel stated that "[i]f we do not receive confirmation in writing of a date certain expedited payment date in this matter **by COB on Friday [December 18, 2020]**, all current settlement offers will be off the table [emphasis in original.]"

7. On Tuesday, December 15, 2020, after getting a response from the FBI, the undersigned responded that "[j]ust as I proposed, all three filed stipulations have one thing in common – the trigger date is the date of filing/dismissal.  Given the upcoming holidays, I believe the FBI would be able to make a payment within forty five (45) days.  The [exemplar] *Jett* stipulation had a sixty (60) day provision.  Forty five splits the difference and again is reasonable in light of the upcoming holidays.  Do you want to draft the stipulation for this case or should I?"

8. Later the same day, Plaintiff's counsel responded that "Defendant's counter offer is rejected, and Plaintiff will proceed with fee motion in this matter per the existing briefing schedule."  When Defendant inquired into the basis of the rejection, Plaintiff's counsel responded that "[t]he basis is that the counter offer is unacceptable to Plaintiff."  Plaintiff's counsel's own words here and his prior "conditional acceptance" language suggest that even he

3

believed that the parties had reached an agreement on an amount and only needed to iron out a timetable for payment.

9. The undersigned added that "[i]f we get a stipulation on the docket by next Tuesday [December 22, 2020] (I cannot guarantee that date unilaterally as you have to sign off as well), the payment date would be February 5, 2021. That should be date certain enough and within all of the parameters we've discussed and reached prior to your [December 18, 2020] date." Thus, the undersigned had provided a "date certain" by which payment could be made approximately one month after the date that Plaintiff's counsel had requested and that is realistic given the upcoming holidays and COVID slowdowns.

10. When the undersigned pushed back asking "[w]hat part of [counteroffer] is 'unacceptable?'", Plaintiff's counsel responded "[a]ll of it - - we just don't have a settlement in this action . . . I have provided you with ample opportunities to timely settle this action several months ago, and you (or your client) refused to timely cooperate." Plaintiff's counsel seems to have forgotten that he proposed that the date for a final settlement or bust is today, December 18, 2020. Therefore, it appears that Plaintiff's counsel's rejection on the basis of "untimeliness" is a subterfuge to reject the settlement amount that he had previously "conditionally accepted." Therefore, the only remaining issue was no longer the fee amount, which had already been resolved, but when the payment would be made.

11. Again, Plaintiff's counsel stated that "Defendant failed and refused to timely accept Plaintiff's settlement" even though he set the date of December 18, 2020. Plaintiff's counsel had no reasonable basis to reject the "counteroffer" regarding when payment would be made or, at the very least, respond with an earlier date that the undersigned could have taken

4

back to the FBI to see whether a payment could be made in perhaps late January 2021. Plaintiff's counsel should not be allowed to take an unreasonable position regarding the time of payment in the midst of the holidays and COVID as an excuse to bail out the parties' agreement on fees.

12.     Plaintiff's counsel has repeatedly admonished the undersigned that "[if] you wish to continue to pursue a potential settlement in this action, I would once again encourage you to pick up the telephone, and call to discuss settlement issues[.]"   Accordingly, the undersigned called Plaintiff's counsel yesterday and left a voicemail.   Earlier today, Plaintiff's counsel returned the undersigned's call.   Because Plaintiff's counsel has a propensity to be condescending, the call did not serve the purpose that the undersigned had hoped and it quickly devolved.[2]

13.     Pursuant to LCvR 7(m), the undersigned notified Plaintiff's counsel of his intention to file this motion and Plaintiff's counsel responded that "I will need to see a draft of your motion before taking a position. Please provide a copy before filing anything with the court. Certainly, if you are filing a motion for a status conference, said motion needs to clearly state that it is Plaintiff's position that there has not been a settlement of fees and costs in this action, which is why Plaintiff is moving forward with fee motion filings per the parties' [January (sic) 18 Joint Status Report] and the Court's [November 18, 2020] scheduling order.   Also, since Plaintiff's counsel is located out of state, we would seek to appear telephonically for any status conference, and that should be made clear in any filing."

---

[2]     In an earlier email exchange between counsel, Plaintiff's counsel had berated the undersigned for using the colloquialism "goin [somewhere]" rather than his preferred "going."

5

14. The undersigned does not believe that LCvR 7(m) requires him to provide opposing counsel with a copy of a proposed nondispositive motion prior to filing, but only to seek consent. Subsequently, Plaintiff's counsel sent another email indicating that he does not consent to this request.

15. Ultimately, Defendant firmly believes that it is in the parties' interest and the interest of efficient and timely resolution of this relatively minor dispute that the parties should appear before it telephonically to explain their respective positions further. Plaintiff's claim that the settlement is untimely flies in the face of the deadline he set of today to accept the settlement. Plaintiff should not be allowed to scuttle a settlement by unreasonably withholding a counteroffer on what could be an acceptable earlier payment date. Nor should Plaintiff's counsel be able to use the excuse of untimeliness to reject an offer he already "conditionally accepted."

December 18, 2020                                  Respectfully submitted,

                                                   MICHAEL R. SHERWIN
                                                   United States Attorney

                                                   DANIEL F. VAN HORN, D.C. Bar # 924092
                                                   Civil Chief

                                                   By:_____/s/_____
                                                   KENNETH ADEBONOJO
                                                   Assistant United States Attorney
                                                   Judiciary Center Building
                                                   555 4th Street, N.W. – Civil Division
                                                   Washington, D.C.  20530
                                                   Telephone: (202) 252-2562

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **DAVID AUSTIN LINDSEY** ) | |
| ) | |
| **Plaintiff** ) | |
| ) | Civil Action No. 16-2032 (CKK) |
| **v.** ) | (ECF) |
| ) | |
| **FEDERAL BUREAU OF** ) | |
| **INVESTIGATION,** ) | |
| ) | |
| **Defendant.** ) | |

## **[PROPOSED]ORDER**

After considering this motion, the record herein, and applicable law,

it is this _____ day of _____, 202_, hereby

**ORDERED**, that the Defendant's motion is hereby GRANTED; and it is

**FURTHER ORDERED**, that the parties shall appear before the Court for a telephonic status conference on December __, 2020, at __ _.m.

                                                        HON. KOLEEN KOLLAR KOTELLY
                                                        UNITED STATES DISTRICT JUDGE

## **CERTIFICATE OF SERVICE**

I certify that I caused a copy of the foregoing Defendant's Motion for a Status Conference to be served upon Plaintiff's counsel via ECF.

                                      /s/
                              KENNETH ADEBONOJO
                              Assistant United States Attorney